**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ROBERT BARROZO, | No. 21-55916 |
| Plaintiff-Appellant, | D.C. No. 2:20-cv-07678-GW-PD |
| v. | |
| COUNTY OF LOS ANGELES, by and through The Los Angeles County Sheriff's Department; et al., | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Central District of California
George H. Wu, District Judge, Presiding

Submitted May 12, 2022[**]
Pasadena, California

Before: IKUTA and NGUYEN, Circuit Judges, and DANIELS,[***] District Judge.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]     The Honorable George B. Daniels, United States District Judge for the Southern District of New York, sitting by designation.

Robert Barrozo appeals the denial of his request for the district court to take judicial notice of an expert report issued in a separate family court Report. He also appeals the district court's grant of summary judgment dismissing his three claims of constitutional violations under 28 U.S.C. § 1983 for judicial deception, unlawful arrest, and for unconstitutional policies, procedures, customs, and practices under *Monell v. Dep't of Soc. Servs. Of the City of New York*, 436 U.S. 658 (1978). We review the denial of judicial notice for abuse of discretion, *United States v. 14.02 Acres of Land More or Less in Fresno County*, 547 F.3d 943, 955 (9th Cir. 2008), and the decision to grant summary judgment de novo, *Bravo v. City of Santa Maria*, 665 F.3d 1076, 1083 (9th Cir. 2011), and we affirm.

Barrozo fails to establish that the district court abused its discretion in declining to take judicial notice of the Report, as the Report was unauthenticated, confidential, and unrelated to the issues in this immediate action. Barrozo's contentions regarding the significance of the Report undermines his claim that the district court abused its discretion, because "a court may not take judicial notice of proceedings or records in another case so as to supply, without formal introduction of evidence, facts essential to support a contention in a cause then before it." *M/V Am. Queen v. San Diego Marine Constr. Corp.*, 708 F.2d 1483, 1491 (9th Cir.1983). Moreover, the Report is a highly confidential document that can only

be shared with relevant parties. Barrozo has failed to show why the district court was required to pierce this confidentiality when neither party in this suit were parties to the suit involving the confidential document. *Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 n.6 (9th Cir. 2006) (taking judicial notice of sealed documents when a party in the action before the court was already privy to the sealed documents). Lastly, Barrozo's allegations about the importance of the Report are misplaced. The Report provides no facts regarding what Detective Farias knew when receiving and effectuating the arrest warrant, nor any policies and customs in place by the Los Angeles County Sherriff's Department. *See Ruiz v. City of Santa Maria*, 160 F.3d 543, 548 n.13 (9th Cir. 1998) (denying request for judicial notice where facts had no bearing on the relevant issue on appeal).

Summary judgment dismissing Barrozo's claims was proper because there is no genuine issue of material fact demonstrating judicial deception or that there were any illegal policies, procedures, or customs in place. The district court correctly found that Plaintiff has provided no evidence supporting a "substantial showing of deception." *Ewing v. City of Stockton*, 588 F.3d 1218, 1224 (9th Cir. 2009). Barrozo's claims about his former daughter-in-law's vendetta against him do not amount to constitutional violations committed by Detective Farias. Even if we were to assume an assertion regarding such a vendetta to be true, a claim of

3

judicial deception cannot "be based on an officer's erroneous assumptions about the evidence he has received." *Id*. There are even fewer facts supporting a *Monell* claim against LA County. Given that there is no proof that Farias committed a constitutional violation, a *Monell* claim cannot stand. *Dougherty v. City of Covina*, 654 F.3d 892, 900 (9th Cir. 2011). Likewise, there is no genuine issue of material fact that any policy or custom was the "moving force" behind the alleged constitutional violation. *Id*.

**AFFIRMED**.